**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2020
_____

IN RE: ATIF B. MALIK,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to D.C. Civil Action No. 3-22-cv-00059)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 11, 2023
Before:  KRAUSE, PORTER, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 17, 2023)
_____

OPINION[*]
_____

PER CURIAM

Atif Malik petitions for a writ of mandamus.  For the reasons that follow, we will

deny the petition.

In April 2022, Malik, a federal prisoner, filed a petition pursuant to 28 U.S.C.

§ 2241 challenging the Bureau of Prison's (BOP) calculation of his earned time credits.

On June 8, 2023, Malik filed this mandamus petition requesting that we order the District

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court to order the BOP to "take action on the issuance of the remaining portion of Malik's earned time credits petition." Pet. at 6.

Mandamus is an extraordinary remedy. Malik must show that he lacks adequate alternative means to obtain the relief he seeks, and he carries the burden of showing that his right to relief is clear and undisputable. See Mallard v. U.S. Dist. Court for S. Dist. of Ia., 490 U.S. 296, 309 (1989). A petition for a writ of mandamus is not a substitute for an appeal. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

After Malik filed this petition, the District Court dismissed Malik's § 2241 petition as moot, noting that the BOP had calculated his earned time credit. Thus, to the extent that Malik asked us to direct the District Court to rule on his petition, we can no longer grant the requested relief. See generally Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). To the extent that Malik requests that we order the District Court to order the BOP to give him additional earned time credit, he is not entitled to such relief via mandamus as he has the alternate remedy of appealing the District Court's dismissal of his § 2241 petition.

For the above reasons, we will deny the mandamus petition.[1]

---

[1] Malik improperly titles his mandamus petition as being filed pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771(d)(3). Subsection (d)(3) requires that we decide mandamus petitions filed under § 3771 within 72 hours and throughout Malik's petition, he stresses that it is "time sensitive." However, besides citing to the Crime Victim's Rights' Act in the title, he does not attempt to argue that he is a crime victim or that his petition in any way falls within § 3771.